# Mickle *v.* Southern Bell Tel. & Tel. Co.

*Action for Personal Injury.*

(Decided April 15, 1915.   Rehearing denied May 25, 1915.
69 South. 105.)

*Telegraphs and Telephones; Maintenance; Negligence.*—While a telephone company is bound to keep its own wires in a safe condition, yet it is not liable where it did not know of the acts of the municipality, it not being bound to anticipate danger from such a source; hence, where a telephone company's line was adjacent to a signal line belonging to the municipality, and a wire on the municipal line broke, and the agents of the municipality drew the loose end of the broken wire down from the top of the pole to a point on the telephone company's pole, which stood 5 or 6 feet away, and wrapped it loosely so that it rested upon the foot spikes, and the wire became disengaged from the spikes and fell to the sidewalk, and plaintiff while walking on the sidewalk tripped on the wire, and was injured, the telephone company was not liable.

APPEAL from Talladega Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by J. J. Mickle against the Southern Bell Telephone & Telegraph Company, for damages for injuries from tripping and falling on a wire. Judgment for defendant and plaintiff appeals. Affirmed.

RIDDLE & BURT, for appellant.

KNOX, ACKER, DIXON & SIMS, and B. J. CLAY, for appellee.

SAYRE, J.—Plaintiff (appellant) sued defendant company on account of injuries sustained by him when he tripped and fell over a wire that lay loosely wrapped around one of defendant's poles in a public street. The case was tried upon the complaint and a plea of not guilty. The trial court gave the general charge for defendant.

[Mickle v. Southern Bell Tel. & Tel. Co.]

These are the facts and the reasonable inferences of fact that need be considered. The municipal authorities had at one time maintained on their own line of poles, as we infer, a signal wire between their water tower and some office or place where signals were noted, but for some months the use of the line had been discontinued, and at the place where plaintiff was injured this status was established and allowed to continue. Municipal agents drew the loose end of the broken wire down from the top of the pole upon which it was strung to a point on defendant's pole, which stood some five or six feet away, and wrapped it loosely around defendant's pole about shoulder high above the ground, where it rested upon spikes driven, as we infer, for use in climbing the pole. All this, where stated as fact, was without dispute. This wire in some way had been disengaged from the spikes and had fallen to the bottom of the pole, where for some short, though not exactly defined, time it had lain, its coil extending out two or three feet over the walkway.

The complaint alleges negligence. The question, then, is whether defendant owed plaintiff, who was passing along the walk, any duty to know and rectify the dangerous probability of the wire in its situation on the ground around the bottom of the pole. It may be conceded that there was a duty on the part of the person, natural or artificial, having control of the wire, to abstain from leaving it in a place of public or customary travel in such shape as to make it a source of danger to pedestrians in the ordinary and proper use of the way. But defendant's pole per se was unobjectionable, and defendant had nothing to do with the wire. Defendant's duty being to maintain its poles and wires in a safe condition, that duty could not be enlarged by

the wrong of an independent free agent, the municipal authorities. At least we feel entirely safe in saying that defendant owed no duty to know or inspect in order to guard against the wrongs of others, and in this case there was no evidence that defendant actually knew the wire had fallen into a place where, in connection with its pole, it might become dangerous. There being no duty, there was no negligence.

The acknowledged duty of persons, using wires in places where others may be expected to come in contact with them, to guard against the diversion of known dangerous currents of electricity, as illustrated in *Mc-Kay v. Southern Bell Telephone Co.*, 111 Ala. 337, 19 South. 695, 31 L. R. A. 589, 56 Am. St. Rep. 59, furnishes no argument to the contrary of what we have held in this case. Whether a wire is so arranged as to take up or discharge a current which it ought not to take up or discharge is a matter of the condition of the wire itself, and if such danger may be reasonably anticipated the person owning or controlling the wire ought to take care that no harm results. The trial court did not err in giving the charge, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.